LEANDER E. GARDNER et al. vs. EDWIN A. S. WHITFORD el al.

PROVIDENCE—JUNE 11, 1902.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Equity. Trusts. Wills. Deposit in Bank. Life Estate and Remainder. Powers.*

Upon a bill in equity brought to declare a trust upon a deposit of money as to so much of the fund as has been paid over by the bank before the filing of the bill it is incumbent upon the complainant to show that that sum is still *in esse* in the hands of the respondent at the time of the filing of the bill, or how otherwise it has been disposed of by him in such manner as to be reached in this proceeding.

Where the complainant has failed to show that such portion of the fund is now in existence, he will be remitted to his appropriate action at law for the recovery of the value of the same.

BILL IN EQUITY brought to declare a trust upon a deposit of money in bank. Heard on bill, answers, and proofs.

PER CURIAM. This case is now before the court on bill, answer, and proofs. When the case was heard on demurrer to the bill (*Gardner* v. *Whitford*, 23 R. I. p. 396), we decided that if the allegations contained in the bill were sustained by the proof, then the respondent Edwin A. S. Whitford could not hold the fund in question against the rights of the complainants for lack of title in Amos Whitford to make the transfer of it to him. The respondent Edwin A. S. Whitford admits in his answer that he had knowledge of the contents of the will of Lydia T. Whitford at the time of the withdrawal of the sum of $3,500 from the Manufacturers Trust Company, and we are of opinion that the evidence abundantly sustains the complainant's contention that he was excluded from mention in her will intentionally and of set purpose, and not by accident or oversight.

(1)  As to so much of the fund of $1,571.44, with the accrued interest thereon, as has been paid over by the trust company before the filing of this bill, we are of the opinion that it was incumbent upon the complainants to show that that sum was

still *in esse* in the hands of the respondent Edwin A. S. Whitford at the time of the filing of this bill, or how otherwise it had been disposed of by him in such manner as to be reached in this proceeding. *Slater* v. *Oriental Mills*, 18 R. I. 352.

Inasmuch as the complainants have failed even to show that this portion of the fund is now in existence, we think that they must be remitted to their appropriate actions at law for the recovery of the value of the same. As to the sum of $500 still on deposit in the Manufacturers Trust Company, we are of opinion that the complainants are entitled to the relief they seek.

A decree may be entered in accordance with this opinion.

*Lellan J. Tuck*, for complainants.

*Williams & Palmer*, for Whitford.

*James M. Ripley and John Henshaw*, for Manufacturers Trust Company.